Good morning. May it please the Court, Jane Flynn on behalf of Appellant Federal Express Corporation. The District Court judgment in favor of Plaintiff. Why does Federal Express care about this so much? We believe that the decision of the District Court, which resulted in judgment in favor of the Plaintiff. Are there broader implications? I believe there are broader implications for the other pilots who are in Mr. Huhmann's circumstances. So there are a number of people who are similarly situated to Mr. Heumann? There could be. I don't have personal knowledge of that, but there definitely could be. You're entitled to fight this case, even if it's tiny. But what jumps off the page to me on this case is it's about $10,000? Yes. To an Air Force veteran. And so, gee, I sure hope it has broader implications, because otherwise we run our way through two courts and a whole bunch of time of judges over $10,000. But you're entitled, so go ahead. FedEx appreciates the service of its employees in the military, including Mr. Heumann. Because of its appreciation of the service of its employees in the military, it gave pilots in Mr. Heumann's position the ability to have a signing bonus, even though they were gone during the entire amendable period. Look, it's not about what nice people you are or what bad people you are. We asked that question at the beginning because it jumps off the page in these briefs. So the real question is, why isn't he entitled to the bonus that was part of the CBA? So the signing bonus letter gave more favorable treatment to pilots who were gone during the entire amendable period than it gave to employees, pilots on other types of leave. You didn't have to do that. You did it out of the generosity of your heart. It's a wonderful thing. I still have to answer your question. Or else to win a union election. I'm sorry? Or else to win a union election. I don't know whether it was in the goodness of their heart. It was not an election. It was a renegotiation of the collective bargaining agreement. And if you look at – Well, you get a gold star for it, but that's not the issue. The question is, why isn't this particular employee who left and came back, but the judge found, as a matter of fact, would have qualified for the first officer status, I think, had he not left. Why isn't he entitled to it? This bonus should be analyzed under Section 4316B. It is a bonus that was earned while Mr. Human was on leave. And if you look at 4316B, it says he's entitled to equal treatment. If people on other types of leave did not get the bonus, then he does not have a statutory right to the bonus. You didn't have to offer the bonus to all officers who were away on whatever other kinds of leave they had. You made a specific and favorable offer to service officers, people who are coming out on the service. So 4316 doesn't seem to apply. It does apply because this is a benefit that was earned while he was on leave. And if you look at the way USERRA is set up, 4316 is the statute that says it determines the rights and benefits of employees when those occur while on leave. Right, but you made a decision, as Judge Baez said, that you didn't have to offer this bonus to military folks who were on leave. Correct? Correct. Okay. I'm sorry. I'm trying to answer your question. It seems to me that's the 4316 issue, which is you didn't have to do it, but you did. Now the question is, do you have to treat him the same as other folks who were on leave during that time period? We did treat him the same as people who were on leave. He got the same on military leave. But you didn't treat him the same as people who were on leave but returned in time to qualify for this, right? That I don't know. I know it's not in the record. What I can tell you is if you look at the Cruz case and the Rogers v. City of San Antonio case, those cases held that in these circumstances, when the employer chooses to go above the floor of USERRA and give more favorable benefits than are required by the statute, failure to calculate those in the most favorable manner to the returning service member does not constitute discrimination under 4311. Here the court, the district court, applied the escalator provision not in 4316 but in 4313, which talks about what position are you entitled to have when you return from leave. And the court actually found that FedEx complied with 4313 because when Mr. Human returned, he was not qualified to fly any plane. FedEx offered him ten different crew seats, each of which he'd have to have training for because he was no longer qualified. He picked the MD-11 training, which took three months and according to his own testimony was quite rigorous. We also contend- What the district court found, as a matter of fact, did it not, that he would have qualified for this position had he not been called up. We disagree with that finding. I know, but it's a factual finding, is it not? I think it's a mixture of fact and law. If you look at the Supreme Court decisions that talk about the reasonable certainty test and come up with that test, they distinguish between a returning and a promotion when it's merely basically the elapse of time and on-the-job training. If it's akin to that circumstance, then it's reasonably certain that you would be promoted. So you think as a matter of law it's not reasonably certain unless you were- unless you would have been promoted in the normal course? I don't- I think it's a closer question than that, but the case law, including the Supreme Court, has certainly said that if when you return, it requires the application of skill. Well, no, I'm just- but here's somebody- the difficulty with this case, in my mind, is this. You have somebody who was on his way to the training when he was called up. It was within, what, three or four days of going to the training? A couple weeks, yes. A couple weeks of going to the training. He's- the district court looks at his situation and says, here's a highly qualified pilot. He'd take testimony, he hears evidence, and says, this highly qualified pilot almost surely would have passed the training had he gone to it. And indeed, although we can't look backwards, we know is when he came back he passed the training without any problem. That's the hindsight. I know. We can't do that. But at least the district judge makes a determination that this guy was going to pass the training. He had plenty of experience. So why isn't that- why doesn't that meet the reasonable certainty test? Because of the rigorous nature. So what you're really saying is the test doesn't apply factually to the abilities of someone. It only applies if the employer says, well, I would have promoted him anyway. No, when you look at the case law, the case law says, from the Supreme Court and other circuit courts, in the circumstance where you're trying to look forward and divine what would happen, if what the returning service member has to do is very difficult, as it was in this circumstance, and requires the application of skill, knowledge, training- So then it doesn't apply in your view if it's difficult. It doesn't apply under these facts. Well, I'm trying to figure out where the dividing line is in your view. Because the district judge looked at this case, had a hearing, and said, this guy, I am certain this guy would have passed it at the time had he remained. And you're saying that's not good enough because it was hard. So is that your position? Essentially in, yes, a very pithy fashion. In your position, in the Tilton forward-looking case, as long as it was difficult, no one would ever have reasonable certainty of passing the test. You know, I am uncomfortable with just the word difficult. I'm uncomfortable with it, too. So that's why I'm trying to look for the- And tell me what it is if it's not very difficult. I think certainly it is apparent in this case where it's not only difficult, it's a training whereby Mr. Houman's own testimony, many people do not pass if you fail. Some people do pass. Some people do. Some people do. And the district judge looks at this guy and says, look, this is a tough course. It's Calculus 107. But Judge Beah was great in Calculus 106, so I'm sure he would pass it. Why isn't that a factual finding that we have to respect? Well, I disagree with the factual finding. I think under the circumstances of this case, it does not meet the test set out by the Supreme Court for the reasonable certainty test. And I also think it's a test that's inapplicable to the facts of this case because it should be analyzed under 4316, which does not use the reasonable certainty test, and it should be analyzed under 4311, which is the claim he pled for discrimination. In addition, even if you were to say, fine, he passes the reasonable certainty test, he was an MD-11 officer way back when. We are still treating him better by giving him any bonus, be it the smaller bonus or the larger bonus, than we were required to do by you, Sarah. No, but I'm not sure that answers the question. The fact that you treated him better than you had to doesn't answer the question of whether or not, once having treated him better, you had to treat him equally to people who were there, does it? So the group that you are comparing him to is not other military service members returning him. No, it's those folks who qualified for the bonus. The comparison is to people on other types of leave. People on non-military leave who were gone during the entire amendable period received no bonus. No, but is that the appropriate comparison? Yes. Isn't the appropriate comparison to those folks who weren't called away, who weren't required to serve their country, but nonetheless qualified for this CBA bonus? It is the test. And if I had not been called away, I would have been in that group, and therefore I should get it also. So 4316 expressly states that that is the test. He is entitled to be treated the same, but not better than, people on other types of leave. So yes, that is the appropriate group to compare him to. If you compare him to that group, we gave him a bonus when no bonus was due. If you look at the Cruz case and the Rogers v. City of San Antonio case, they both say that the failure to be more generous than you are required to be by law does not constitute discrimination under USERRA. And if there are no further questions, I'll reserve the remainder of my time. Good morning, Your Honors. May it please the Court, my name is Brian Lawler. I represent the plaintiff and appellee, Dale Heumann is how that is pronounced. So the district court properly figured out that 4316 claims are a red herring. We've fried that fish for a good 10 minutes now. It's not the relevant analysis. The analysis of this case is so simple, despite FedEx's constant obfuscations of the issue. It is, but for Mr. Heumann's military service, he would have been an MD-11 first officer. When he returned to FedEx, he was entitled to that position with all the pay and benefits, and that pay includes bonuses. Well, he wasn't entitled to the position, was he? I mean, he had to go to training. Correct, that's correct. And there's a separate provision in USERRA that if training is required, the company has to make reasonable efforts to train him. He had a class date, as Your Honor pointed out, about 12 days after he was. So would you deal with Ms. Flynn's argument that the reasonable certainty test really does require much more certainty than we have in this case? That's what FedEx would. Reasonable certainty is that, you know, it's sort of maybe a seniority-based thing. If you're there for three years, then you get promoted. But if you have to pass a test to do it, then there's not reasonable certainty. Well, so the Rivera-Melendez First Circuit discussed automatic promotions and discretionary promotions, and as Your Honor pointed out correctly, yes, actually most people at FedEx pass the upgrading. FedEx wants you to believe that only one or two out of 100, it's actually a significantly higher number than that. That's not evidence before the court, so it's not before us today either. But Mr. Heumann had been with FedEx since 2001. Does the test make any sense at all? On this case. I mean, if he had not passed, if he had not, with hindsight, if he had not passed, you wouldn't be here. Correct. He would have had the $7,400 bonus of a 727 second officer. So if he hadn't passed? We would not have this case. Right. And so doesn't it require, isn't it really based on facts that occurred after his return? The fact that he actually did pass? Yes, I would have to agree with the court there. It's somewhat specious, I think, for FedEx to suggest that he might not have passed when, in fact, he did. No, but, I mean, we're not allowed to look at the fact that he actually passed, right? I don't know that that's necessarily true. I don't think that's true. I'm not sure because we're determining reasonable certainty at the time that he left. He would have been promoted but for leaving. Correct. Okay. So in some way, your case really depends on the fact that he came back and passed, doesn't it? I mean, I think that certainly helps. I think the reasonable certainty is that he wasn't going to fail. I mean, this is an Air Force transport pilot with tens of thousands of hours flying airports to transport planes who subsequently went and flew 727s for FedEx and then was selected to upgrade to the MD-11. Mr. Heumann testified that it's a difficult airplane to fly. He's been flying difficult airplanes for his entire career and then proceeded to go fly them for a couple of years in bad places. So I don't know that we don't get to look at the fact that he passed. Well, I'm asking that. I don't know that that's true, Your Honor. I don't think I would agree with that. I mean, I think it's an event marker that occurred. I don't think we can look away from that. It's not, I mean, by definition, it's not foresight or hindsight. It just happened. So I don't know where it fits with the reasonable certainty test. But in one man's humble opinion, it would seem reasonably certain that he would pass because he did pass, and he passed without any, he had never failed an academic event, a simulator, or a check ride, not only in the MD-11 training program but in any program at FedEx. So he has an impeccable flying record. Is this a seniority-based onus? It's not. I think the reason the district court said this is a red herring is that we're now painting the entire world of benefits of employment into black and white, seniority and non-seniority based, when there are plenty of benefits of employment as defined by the statute that are neither seniority-based or non-seniority based. And I get that you can make a colorable argument that, well, it's either one or the other, but you can make that same argument for, well, they're performance-based or non-performance-based or merit-based or non-merit-based. This is not a seniority-based question. It's an escalator principle case that starts with 4311. Was he discriminated against because of his military service? We made a prima facie case that he was. FedEx did not rebut that with any legitimate business reason for why they wouldn't have paid him the bonus. In fact, the only reason he didn't get the higher bonus was that he was un-military. So does the escalator analysis apply to 4311? Yes. Is there a case that says that? It applies secondhand, and I think that's what we pointed out in our brief. So all discrimination claims fall under 4311, and 4311 provides the framework for re-employment, retention in employment, other benefits of employment, and then one goes to the relevant portion of the statute after that to determine how the 4311 discrimination is articulated. And in this case, it's 4312 and 4313. What rights of re-employment did he have? And assuming that he was entitled to be re-employed, what benefits with that re-employment? In this case, the pay and compensation that go along with being afforded the opportunity to be an MD-11 first officer. It's not 4316. It never has been 4316. It's being pigeonholed that way by FedEx, but that's not the analysis. And the district court properly figured that out, and as this court articulated in the O'Bannon case a couple years ago, we're going to provide great deference to the trial court's decision. So in your view, you can have perfect compliance with 4316 but still have a 4311 problem? This isn't even a 4316 case. No, I understand. I know you say it's not. But let's assume you could have compliance with 4316 in your view but still have a cause of action under 4311. I think you probably could. I mean, there are cases out there that Bet-Cruz itself specifically discusses the interplay between 4311 and 4311. I worry about it because it seems to me that's what FedEx is saying. FedEx is saying since we complied with 4316, there cannot be a cause of action under 4311. Right. So this continues with the red herring argument. 4316 is obviated once FedEx puts in its bonus letter, we are electing to provide a benefit greater than the statute requires, and we are providing that benefit in that all military leave time is considered active time for the amendable period. So, yes, gold star for FedEx, we paid all our military guys the full amount of the amendable period. They now flip backwards on their argument and say, but we treated military leave different from and better than non-military leave. That's not the analysis. The analysis is what Mr. Heumann was entitled to. No one is suggesting, and in fact FedEx did, whether it was for CBA or union elections or CBA compliance purposes, and ALPA did a nice job with the… So your answer to my question is yes, you can have perfect compliance with 4316, but still have a 4311 problem. Absolutely. Because once you've complied with 4316, then you still have to look at the returning veteran and put him in the position where he should have been. That was our entire argument, Your Honor, and 4316, again, I think it's mooted. Once the bonus letter says we are going to provide this benefit to military service members, persons on military leave in full and prorate any other leave periods. And that's the distinction. That's Walter Meyer, that's Rogers, that's Cruz. That's the non-seniority-based benefits are only provided to military leave insofar as they are provided to other similarly situated forms of leave. FedEx took that off the table as soon as they said in the bonus letter, well, we're going to give the military leave a much higher standard and pay them the entire amendable period, which is great. But it takes us out of 4316 immediately. Does the Court wish to hear anything about that? I guess the other question I have is this. Was your client treated differently than other pilots who had military leave? We don't know, Your Honor. That's not on the table. It may not be on the table. Is there anything in this record that demonstrates that? There's nothing in the record to demonstrate, but the Court's suspicions about things greater than this particular case are probably well served. I would surmise that when this becomes a little more solidified. There may be other people out there to make claims. It wouldn't surprise me, let's put it that way. Thank you for your time, Your Honor. Thank you. The issue of whether or not this is a seniority-based benefit is not a red herring, and the decision of the District Court to ignore that question is reversible error. This benefit falls under 4316 because it was earned before Mr. Houman returned. 4313, which talks about rate of pay and status, and the position you go back to is prospective, not retrospective. What are you going to earn in your new position? This is not a bonus that Mr. Houman earned in his new position. This was a one-time payment for ratification of a collective bargaining agreement, which, but for FedEx's decision to go beyond what was required by USERA, he would not have earned at all. So it's not a function of the position he had upon return. The signing bonus letter clearly states you're going to get it based on highest position you held during this time period. Well, but if that's true, let's assume for a second that you had an automatic promotion circumstance, that he would have automatically been promoted to this next position, but he wasn't because he was on military leave. Would he have then been entitled to the bonus? No, he wouldn't, because the letter itself, which went beyond what was required by statute, set forth the parameters under which it would be earned. So under your view of the case, even if there were the most reasonable certainty in the world, the kind that you talked about before, he still now would be entitled. He would not be entitled to the bonus. Correct, and the reason why seniority is important is because 4316, which covers benefits earned while away, treats seniority benefits different from non-seniority benefits. If this were a seniority-based benefit under 4316A, the escalator principle applies. Everybody seems to agree that there's no violation of 4316 here. The question is, is there a separate cause of action under 4311? So our position is no. And what case do you rely on? The Cruz case, the Rogers v. City of San Antonio, both clearly state that when an employer goes beyond USERRA's floor and offers more than what USERRA requires, the failure to do that in the manner most advantageous to the service member does not violate USERRA and is not a violation of 4311. Those cases don't help me because they're really cases that analyze the terms of the 4316 offer, are they not? They're cases that say, look, you've gone above and beyond what you have to do. You don't have to make it even better. The question is whether or not he qualifies for what you went above and beyond and did. So when I read Cruz and Rogers, those were cases under 4311, and the argument that the plaintiff in those cases was making is that the evidence of discrimination is the failure to pay me what I'm entitled to. But don't you agree that those are cases where the employee wasn't saying, if I hadn't been sent away on military service, I would have qualified for what you gave everybody else? I think I got lost in your question. Right. So his essential argument in this case is, look, I was called up to military service. Had I not been called up to military service, I would have gotten this bonus. That's his essential argument. In those two cases, I don't see that being the argument of the people. What they're saying is, you should have structured the bonus differently so that I would get it too. That's why I think there's some difference between the cases. There's some tension between the two, but it is because Mr. Heumann is saying 4312 and 4313 apply, and that is incorrect. They don't apply here because those are prospective. The statute that applies is 4316. So the claim itself applies the wrong standard, and the district court applied the standard suggested by the plaintiff, but it is not the correct standard. The correct standard is 4316, which applies to benefits earned while away. This is a benefit earned before he returned from leave. It was earned in October of 2006 when the collective bargaining agreement was ratified. He returned December 1, 2007 after the fact. So it is not covered by 4313, which looks prospective. What is your rate of pay upon return in the position that you would be had you not left and you rode the escalator up? We've taken you past your time. Thank you, Ms. Flynn. Case of Heumann v. FedEx will be submitted.
judges: Bea, Hurwitz, Motz